[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11219
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00390-WJC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL MARTINEZ-CANTU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 1, 2015)

Before ED CARNES, Chief Judge, TJOFLAT, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Miguel Martinez-Cantu appeals his sentence of 71 months of imprisonment

after he pleaded guilty to one count of illegal reentry after previous deportation for

an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2) (Count One), and one count of unlawfully entering the United States, in violation of 8 U.S.C. §§ 1325(a)(1) and 1329 (Count Two).[1]  That sentence is set to run consecutively to a 15-month sentence, which had previously been imposed on Martinez-Cantu by another district judge in an earlier proceeding for violating the terms of his supervised release.  He argues that his sentence was procedurally unreasonable because the district court did not adequately explain its reasons for imposing a sentence at the high end of his advisory guideline range of 57 to 71 months of imprisonment.  He also argues that the sentence was substantively unreasonable because it was greater than necessary to achieve sentencing purposes and a lesser sentence would have been sufficient.

We review the reasonableness of a sentence for abuse of discretion and the defendant bears the burden of showing that that the sentence was unreasonable. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Campa, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc).

---

[1] More precisely, the court imposed a 71-month sentence on Count One and a 24-month sentence on Count Two to run concurrently with Count One.

Martinez-Cantu's sentence is not procedurally unreasonable.  The district court stated that it had "consider[ed] the sentence and guidelines, all of the factors identified in" 18 U.S.C. § 3553(a).  That was sufficient.  See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).  The sentence is also not substantively unreasonable.  The district court reasonably determined "that the sentence imposed [was] sufficient but not greater than necessary to comply with the statutory purposes of sentencing."  That determination was warranted in light of Martinez-Cantu's prior criminal history, his repeated unlawful entrances into the United States, and his violation of the terms of his supervised release.  See 18 U.S.C. § 3553(a).  The fact that his sentence was far less than the maximum statutory penalty of 20 years also suggests that his sentence is reasonable.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

As we have mentioned, this crime was a violation of the period of supervised release that had been imposed on Martinez-Cantu as a result of an earlier crime.  The district court considered that fact both in deciding what the sentence in this case should be and in determining that it should run consecutively to the term of imprisonment that had resulted from the revocation of supervised release in the earlier case.  The guidelines specifically recommend "that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment

3

imposed upon revocation." USSG § 7B1.3 cmt. 4. It is not an abuse of discretion to do what the guidelines recommend.

**AFFIRMED.**